IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

**Civil Action No. 13-cv-02167-RM-KMT**

BRUCE W. JONES,

 Plaintiff,

v.

DR. JEFFREY ALLEN, individually and in his official capacity, Chief Health Programs, Health Services Division, Washington, D.C., North Central Region, Kansas City, Kansas,
LISA GREGORY, individually and in her official capacity, Regional Health Services Administrator, North Central Regional Office, Kansas City, Kansas,
ALLYSON ALVARADO, individually and in her official capacity, Health Services Administrator, Federal Correctional Institute, Florence,
LT. CIMAROSSA, Individually and in her Official Capacity, Acting Asst. Health Services Health Administrator, Federal Correctional Institute, Florence,
LT. CIMAROSSA, Individually and in her Official Capacity, Acting Asst. Health Services Health Administrator, Federal Correctional Institute, Florence,
GEORGE SANTINI, individually and in his official capacity, Staff Physician, Federal Correctional Institute, Florence,
ALICIA VINYARD, individually and in her official Capacity, Medical Secretary, Federal Correctional Institute, Florence,
GILBERTA TRUJILLO, individually and in her official capacity, Medical Secretary, Federal Correctional Institute, Florence,
P. RANGEL, individually and in his official capacity, Associate Warden, Federal Correctional Institute, Florence, and
JAMES PELTON, individually and in his official capacity, Acting Clinical Director, Federal Correctional Institute, Florence,

 Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

 This matter is before the Court on United States Magistrate Judge Kathleen Tafoya's

Recommendation (ECF No. 47) for dismissal of Plaintiff's claims against certain defendants for

lack of subject matter jurisdiction or for failure to state a claim, for dismissal of claims against

1

other defendants for lack of personal jurisdiction, and for summary judgment in favor of certain defendants on most claims against them.

The background in this matter, including both the procedural history and background of the case set forth in the Recommendation and will not be repeated in this Order. Briefly summarized, Plaintiff was an inmate at the Federal Correctional Institution ("FCI") in Florence, Colorado. While there, Plaintiff experienced serious medical difficulties. In connection with the responses and lack of response to those difficulties by the Defendants, Plaintiff asserted three claims for relief based on alleged Eighth Amendment violations. Plaintiff sought both injunctive relief and damages. Plaintiff's claims were asserted against (i) Defendants Allen and Gregory who were not staff at FCI Florence, but rather officials with the United States Public Health Service assigned to the Kansas City, Kansas office, and (ii) against the remaining defendants (the "FCI Defendants") who worked in various capacities at FCI Florence. The FCI Defendants responded by Motion to Dismiss (ECF No. 31) and Motion for Summary Judgment (ECF No. 32). Defendants Allen and Gregory responded by Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 42).

The Recommendation advised the parties that objections to the proposed findings and recommendations were required to be filed within fourteen days of service. No objections were filed by any party within fourteen days, and no objections have been filed by any party to date. In such circumstances, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The Court has reviewed the Recommendation and underlying motions and responses. The Court is convinced that the Magistrate Judge's analysis is thorough and sound and that no clear error appears on the face of the record. Accordingly,

IT IS ORDERED that the Recommendation (ECF No. 47) is ADOPTED in its entirety. Consequently, as stated in the Recommendation, the Defendants' motions are resolved as follows:

1. Plaintiff's claims for injunctive relief are **DISMISSED** for lack of subject matter jurisdiction;

2. Defendants Alvarado, Cimarossa, Santini, Vineyard, Trujilo, and Pelton's "Motion for Summary Judgment Regarding Unexhausted Claims" (ECF No. 32) is **GRANTED** as to all claims excepting only a portion of Claim Three, that portion to which the motion is **DENIED** being that portion of Claim Three which alleges a denial of a neurostimulator for pain therapy;

3. Defendants Alvarado, Cimarossa, Santini, Vineyard, Trujillo, and Pelton's "Motion to Dismiss" (ECF. No. 31) is **GRANTED** as follows:

    a. Plaintiff's *Bivens* claims for monetary damages against the FCI Defendant in their official capacities is dismissed for lack of subject matter jurisdiction;

    b. Defendants Alvarado and Cimarossa are dismissed from this civil action on absolute immunity grounds;

    c. Plaintiff's remaining Claim Three against the FCI Defendants for Eighth Amendment violations is dismissed for failure to state a claim upon which relief can be granted; and

    d. The FCI Defendants are entitled to qualified immunity in their individual capacities.

4. Defendants Allen and Gregory's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 42) is **GRANTED**; and

5. This case is dismissed in its entirety.

DATED this 30th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge